UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHEIKH IBRAHIMA DIOUF**<br>A# 088-440-721 | **CIVIL ACTION NO. 11-1335** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **ERIC H. HOLDER, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on July 15, 2011, by *pro se* petitioner, Cheikh Ibrahima Diouf, pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center in Oakdale, Louisiana. By this petition, petitioner seeks review of his custody status.

This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

*Background*

Petitioner is a citizen of Senegal and has been under an order of removal since March 2, 2011. In sum, he challenges his post-removal-order custody as indefinite. Petitioner states that he has fully complied with the respondent's requests in his removal proceedings and he seeks a writ of *habeas corpus* to procure his release from custody. In support, petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future.

After considering all of the pleadings and the applicable law, the court concludes that the petition must be dismissed for reasons set forth below.

## *Discussion*

By statute, the Attorney General has ninety days to effectuate an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. § 1231; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), cert. denied, 549 U.S. 1132 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. § 1231(a)(2).

An alien may be detained beyond the ninety-day period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); *see also Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993).

After the removal period expires, however, an alien may be released under conditions prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3). Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that the United States Constitution does not permit indefinite detention lasting more than six months past the ninety-day removal period. *Zadvydas*, 533 U.S. at 701. After the expiration of six months, an alien may seek his release from custody by demonstrating a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Once this has been shown, the government must produce sufficient evidence to rebut that showing. *Id.*

In this case, it appears from the pleadings that the ninety-day removal period was triggered on March 2, 2011, when petitioner's removal order became final. *See* 8 U.S.C. § 1231(a)(1)(B)(iii); doc. 1, att. 1, p. 2. The removal period apparently expired ninety days later on or about May 31, 2011. The petition at issue was filed on July 15, 2011. Doc. 1. Thus, when he filed his *habeas* petition, petitioner had not been detained beyond the allowable six-months after the removal period. At the present time, the presumptive six-month period still has not expired, said date being on or about November 30, 2011.

Therefore, petitioner has not shown that he has been in custody more than six months past the expiration of the ninety-day removal period. Because he has not been in custody for more than six months past the expiration of the removal period, his petition does not state a claim for relief. *See Okpuju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the presumptively reasonable six-month post-removal order period set forth in *Zadvydas.*)*; see also Agyei-Kodie v. Holder*, 418 F. App'x 317 (5th Cir. 2011).

*Conclusion*

Based on the foregoing, the court finds that petitioner's challenge to his detention is premature and should be dismissed without prejudice.

Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED and DISMISSED WITHOUT PREJUDICE** as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE this 11th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE